## COLLINS-McCARTHY CANDY CO., PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4302.      Decided September 30, 1926.

*W. W. Spalding, Esq.,* for the petitioner.
*Robert A. Littleton, Esq.,* for the respondent.

This is a proceeding for the redetermination of a deficiency in income and excess-profits taxes for the calendar year 1918 in the

amount of $1,322.21   The petitioner alleges two errors: (1) That the respondent erred in not increasing the net income of the pre-war years by the disallowance of excessive salaries taken by the officers of the corporation in the pre-war years; and (2) that the respondent erred in refusing to compute the profits taxes under the provisions of sections 327 and 328 of the Revenue Act of 1918.

FINDINGS OF FACT.

Petitioner is a California corporation with principal offices at 25 Beale Street, San Francisco.   The capital stock of the petitioner during the pre-war years was $36,000, par value of $1 per share, and was owned in equal proportions by J. D. McCarthy, William Hencke and J. J. Collins, who were also the directors of the company. During the pre-war years the earnings before deducting salaries, salaries paid to officers, net income after deducting salaries, and the average for the same, were as follows:

| Year. | Earnings before deducting salaries. | Salaries paid to officers. | Net income after deducting salaries. |
|---|---|---|---|
| 1911 | $40,104.02 | $37,200.00 | $4,704.02 |
| 1912 | 30,502.41 | 26,700.00 | 3,802.41 |
| 1913 | 31,212.16 | 11,700.00 | 19,512.16 |
| Total | 101,818.59 | 75,600.00 | 28,018.59 |
| Average per year | 33,939.53 | 25,200.00 | 9,339.59 |

The salaries paid to stockholders and directors during pre-war years were as follows:

| | 1911. | 1912. | 1913. |
|---|---|---|---|
| J. D. McCarthy | $12,400 | $8,900 | $3,900 |
| Wm. Hencke | 12,400 | 8,900 | 3,900 |
| J. J. Collins | 12,400 | 8,900 | 3,900 |

On January 30, 1911, the board of directors of the corporation passed the following resolution as concerns salaries to its officers for the year 1911:

At a meeting of the board of directors of the Collins-McCarthy Candy Company, at which a majority of the directors were present, namely J. D. McCarthy, William Hencke and J. J. Collins, held this 30th day of January, 1911, on motion, duly made, seconded and carried, it was resolved: That the salaries of each of the officers of the corporation, J. D. McCarthy, president, William Hencke, vice president, J. J. Collins, secretary and treasurer, be and is hereby fixed at $10,000 each for the year 1911.   Signed J. J. Collins, secretary.

This resolution was adopted and recorded on January 30, 1911.

On January 25, 1912, the following resolution was passed:

At a meeting of the board of directors of the Collins-McCarthy Candy Company, at which a majority of the directors were present, held this 25th day of January, 1912, on motion duly made, seconded and carried, it was resolved: That the salaries of each of the officers of the corporation be and is hereby fixed at $6,500 for the year 1912. Signed J. J. Collins, secretary.

This resolution was adopted and recorded on January 25, 1912.

At a meeting of the board of directors held on January 6, 1913, the following resolution was passed:

Directors meeting of the Collins-McCarthy Candy Company held this 6th day of January, 1913, president J. J. McCarthy, presiding. The secretary read the minutes of the last meeting which, on motion duly made, seconded and carried, were approved.

New Business: Election of officers. On motion, duly made, seconded and carried, it was resolved: That the present directors and officers be unanimously re-elected to their respective offices at a salary of $1,500 each for the year. The secretary read a statement of the affairs of the corporation and presented each stockholder with a copy of same. There being no further business before the board, the president declared the meeting adjourned. Signed J. J. Collins, secretary.

The action on the resolution was taken and recorded on January 6, 1913.

No authority existed for the corporation paying salaries in the pre-war years in excess of the salaries authorized by the board of directors on January 30, 1911, January 25, 1912, and January 6, 1913.

No dividends were declared or paid by the petitioner corporation during the pre-war years.

The income and excess-profits taxes for the year 1918 asserted by the respondent were based on the following computation:

Net income, Bureau letter dated December 13, 1923_____ $53,490.70
Invested capital_____ 119,095.25
Excess profits credit_____ 12,527.62
War profits credit_____ 17,470.64

| Per cent of capital. | Income. | Excess profits credit. | Balance. | Rate. | Tax. |
|---|---|---|---|---|---|
| 20%_____ | $23,819.05 | $12,527.62 | $11,291.43 | 30% | $3,387.43 |
| Balance_____ | 29,671.65 | _____ | 29,671.65 | 65% | 19,286.57 |
| Totals_____ | 53,490.70 | 12,527.62 | 40,963.08 | ____ | 22,674.00 |

Net income _____ $53,490.70
War profits credit_____ 17,470.64

Remainder_____ 36,020.06
80% of remainder _____ $28,816.05
Less: Profits tax _____ 22,674.00

Tax in Bracket Three_____ $6,142.05

Total profits tax _____ 28,816.05

```
Profits tax_____$28, 816. 05
Net income _____ $53, 490. 70
Less :
    Profits tax_____ $28, 816. 05
    Exemption_____  2, 000. 00
                                          _____ 30, 816. 05
                                                      _____
    Balance subject to tax_____ 22, 674. 65
Income tax at 12 per cent_____  2, 720. 96
                                                                _____
    Total tax assessable_____ 31, 537. 01
Original tax, Form 1120, No. 400759_____ $14, 727. 60
Tax assessed, tentative return No. 400759_____ 15, 000. 00
Additional tax, May, 1922, page 3, line 8_____    487. 20
                                                        _____ 30, 214. 80
                                                                    _____
    Deficiency in tax_____  1, 322. 21
```

OPINION.

MILLIKEN: The petitioner seeks a redetermination of the tax in this case on the ground that the artificial reduction of the net income for pre-war years, occasioned by unreasonable amounts that were paid as salaries, results in an abnormality under section 327 (d) of the Revenue Act of 1918, and that we should either adjust the salaries for the pre-war years, thereby eliminating the abnormality, or, failing to do that, accord to the petitioner the benefits of section 328 of the Revenue Act of 1918.

We took occasion in the *Appeal of Gray & Davis, Inc.*, 1 B. T. A. 222, to discuss the plan and purpose of the war-profits credits and the effect of pre-war net income in determining such credits. The plan and scope of the statute need not be again discussed. Section 320 of the Revenue Act of 1918 provides that the net income of a corporation shall be ascertained for the years 1911 and 1912 upon the basis and in the manner provided by section 38 of the Corporation Excise Tax Law of August 5, 1909, and for 1913 by section II of the Income Tax Act of October 3, 1913. By reference to the two sections of the law above set forth, it is provided that, in ascertaining net income, there shall be deducted from gross income of the corporation all ordinary and necessary expenses actually paid within the year. When salaries paid within a year are challenged on the ground that the amounts paid are unreasonable and therefore do not represent ordinary and necessary expenses, the Board will not hesitate to consider this question when pertinent to the case at issue. Nor have the courts failed to exercise this prerogative. See *Becker Bros.* v. *United States*, 7 Fed. (2d) 3. If salaries for the pre-war years were unreasonable in amount or in excess of sums duly authorized by the board of directors of the corporation, and the payment

of such salaries has affected the pre-war net income, we are of the opinion that the salaries should be adjusted to represent what is a reasonable amount of compensation for services rendered. We have noted that the corporation is entitled to deduct ordinary and necessary expenses incurred in carrying on its business, including a reasonable compensation to its officers; but if it paid or sought to deduct salaries that were not authorized or were unreasonable in amount, it did not follow the mandate of the law in that respect. We have ruled in *Appeal of Georgia Veneer & Package Co.*, 2 B. T. A. 584, that where a taxpayer set up a reserve not authorized by law the pre-war net income should not be affected by such unlawful reserve. The net income for pre-war years is to be the true net income, and, when unlawful deductions either diminish or increase such net income, they should be corrected by either eliminating the deductions from the computation or by substituting therefor lawful deductions.

The corporation, by resolution of its board of directors at the beginning of each pre-war year, passed a resolution fixing the salaries to be paid to officers. Upon the facts in this case, we are of the opinion that the salaries authorized represented a reasonable compensation for services performed. It will be noted that sums in excess of salaries authorized were paid. As concerns such excess, we are of the opinion that the same was unreasonable in amount and amounted to nothing more than a means of distributing surplus.

Some testimony was introduced in an attempt to show that the salaries authorized by the resolution of the board of directors of the corporation were excessive and unreasonable in amount and that other amounts should be substituted therefor. We are content to rest our decision on this point upon the proposition that the action of the board of directors of a corporation in authorizing salaries for a given year is entitled to the presumption of correctness unless the contrary be proven, and, such not having been done in this case, the action of the board of directors must stand.

Pre-war net income should be determined by the allowance of a deduction for salaries of $30,000 for the year 1911; $19,500 for the year 1912, and $4,500 for the year 1913. The average that will thus result for the pre-war years represents reasonable compensation for services performed.

Since no abnormality results by reason of the decision here rendered, no basis exists for the application of the provisions of section 328 of the Revenue Act of 1918.

*Order of redetermination will be entered on 10 days' notice, under Rule 50.*